UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No.: 20-13157 |
| CHADWICK AND APRIL FERGUSON | |
| DEBTOR, | Chapter 13 |
| | |
| APRIL AND CHADWICK FERGUSON, | Adv. Proc. No.  21-01000 |
| PLAINTIFF, | |
| VS | EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO ENFORCE THE AUTOMATIC STAY 11 U.S CODE 362 AGAINST LABOR AND INDUSTRIES |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | |
| DEFENDANT | |

Chadwick Ferguson and April Ferguson the debtors come pro se and ask this court for

relief to enforce the automatic stay against the department of labor and industries and their departments

responsible for licensing citations and renewals.

## I.    **DOCUMENTS RELIED UPON**

Declaration of Chadwick Ferguson attached

Exparte motion to shorten time filed with this motion so much as anything in that motion

will help support with further statements that irreparable harm will be done in if the motion for restraining

EMERGENCY MOTION FOR TEMPORARY - 1
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

order is not granted and therefore we incorporate by reference the arguments, law and facts within that statement.

## II.     STATEMENT OF FACTS

The fact statement is supported by Chadwick Fergusons declaration in more detail and we ask the court to please review and we incorporate by reference the declaration in its entirety as our factual statement.

## III.     LAW AND ARGUMENT

### 1. RIGHT TO ENGAGE IN A LEGITIMATE EMPLOYMENT OR BUSINESS IS A SECURED FREEDOM AND IS A PROPERTY INTEREST

The right to engage in a legitimate employment or business receives recognition as a portion of the individual freedoms secured by the due process provision of the federal and state constitutions.' (Doyle v. Board of Bar Examiners, 219 Cal.App.2d 504, 509, 33 Cal.Rptr. 349, 353.) The department of Labor and Industries has gone too far and have declared that the act of filing past bankruptcies should give them the right to violate the automatic stay and to also punish the contractor for past bankruptcies that were dismissed and to require that the debtor pay their fines are not be allowed to renew their license which is an act to coerce the debtor to pay fines or lose the debtors ability to earn the necessary income that would permit his ability to pay the repayment plan under chapter 13.

### 2. RIGHT TO A CLEAR START INFRINGED UPON BY VIOLATION OF THE STAY

The bankruptcy act is paramount, and the states are without authority to make or enforce laws running counter thereto. (U.S.Const., Art. VI, cl. 2; International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060.) It has also been held that one of the primary purposes of the bankruptcy act is to give the honest debtor new opportunity in life and a clear field for future effort and this purpose is in the public, as well as a private, interest. (Personal Finance Co. of Colorado v. Day [10 Cir., 1942], 126 F.2d 281; and see Hanover Nat'l Bank v. Moyses, 186 U.S. 181, 192, 22 S.Ct. 857, 46 L.Ed. 1113.) Similar cases where a government body

EMERGENCY MOTION FOR TEMPORARY - 2
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

violated the stay and the court issued relief is in Quadia Bererhout vs City of Malden with memorandum attached for further study **Attachment D** "Accordingly, the Court granted the motion, finding that "the automatic stay prevents the City from placing a hold on the debtors' renewal of their motor vehicle registration(s)." See 11 U.S.C. §§ 362(a) and 525. The Court also ordered the City and Commonwealth to "take all necessary and appropriate action to renew the Debtors' vehicle registration(s)." The Court scheduled a further hearing for October 8, 2009 at 9:30 a.m." Prior case with similar situation the court found that due to the exigencies set forth in the motion the court should hear before the commencement of an adversary proceeding and the court scheduled a hearing one day out and heard in the case of Berehout vs City of Malden quoting "Because of the exigencies set forth in the motion, the Court scheduled a hearing prior to the commencement of an adversary proceeding. See Agean Fare, Inc. v. Commonwealth of Massachusetts (In re Aegean Fare, Inc.), 33 B.R. 745, 746, n.1 (Bankr.D. Mass. 1983)." " The Court scheduled a further hearing for October 8, 2009 at 9:30 a.m." 11 U.S Code 362 – Automatic stay and 525 the protection from discrimination should justify this courts interest in taking immediate action to prevent any further harm to the debtors. In Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969 (1st Cir. 1997), the United States Court of Appeals for the First Circuit determined that actions taken in violation of the automatic stay are void. It stated: The automatic stay is among the most basic of debtor protections under bankruptcy law. See Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 503, 106 S.Ct. 755, 760, 88 L.Ed.2d 859 (1986); see also S.Rep. No. 95-989, at 54 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840. It is intended to give the debtor breathing room by "stop[ping] all collection efforts, all harassment, and all foreclosure actions." H.R.Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; see also Holmes Transp., 931 F.2d at 987; In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir.1982). The stay springs into being immediately upon the filing of a bankruptcy petition: "[b]ecause the automatic stay is exactly what the name implies- 'automatic'-it operates without the necessity for judicial intervention." Sunshine Dev., Inc. v. FDIC, 33

EMERGENCY MOTION FOR TEMPORARY - 3
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

Case 21-01000-CMA    Doc 3    Filed 01/08/21    Ent. 01/08/21 15:01:16    Pg. 3 of 24

F.3d 106, 113 (1st Cir.1994). It remains in force until a federal court either disposes of the case, see 11 U.S.C. § 362(c)(2), or lifts the stay, see id. § 362(d)-(f). This respite enables debtors to resolve their debts in a more orderly fashion, see In re Siciliano, 13 F.3d 748, 750 (3d Cir.1994), and at the same time safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Sunshine Dev., 33 F.3d at 114; see generally 3 Collier on Bankruptcy ¶ 362.03 (15th rev. ed. 1996). In addition to the safeguards imposed by the automatic stay highlighted by the First Circuit in Soares, 11 U.S.C.§ 525(a) provides in relevant part: "a governmental unit may not deny, revoke, suspend, or refuse to renew a license permit, . . . or other similar grant to . . . a person that is or has been a debtor under this title . . . solely because such bankrupt or debtor is or has been a debtor under this title . . . or has not paid a debt that is dischargeable in the case under this title." 11 U.S.C. § 525(a). See also Jessamey v Town of Saugus (In re Jessamey), 330 B.R. 80 (Bankr. D. Mass. 2005) (construing the automatic stay to require creditors to take action to discontinue collection proceedings that were commenced prepetition where the effect of failing to act would be to permit those proceedings to continue postpetition.); Stmima Corp. v. Carrigg (In re Carrigg), 216 B.R. 303 (B.A.P. 1st Cir. 1998). Cf. State of California Employment Dev. Dept. v. Taxel (In re Del Mission Ltd. ), 98 F.3d 1147 (9th Cir. 1996);

**DENYING RENEWAL OF THE LICENSE ALLOWS THE STATE TO SET THE TRAJECTORY OF THE BANKRUPTCY PROCEEDINGS AND COMPROMISE THE DEBTORS ABILITY TO ENTER INTO A REPAYMENT PLAN**

The State has the ability to set the trajectory of the case and coerce the debtors into giving them the lion share of the monies the debtors have which would compromise the debtor's ability to follow bankruptcy law requiring the estate remain in the control of the trustee. Debtors to succeed in a chapter 13 must be able to make a monthly payment as agreed upon. In this case the

EMERGENCY MOTION FOR TEMPORARY - 4
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

Case 21-01000-CMA    Doc 3    Filed 01/08/21    Ent. 01/08/21 15:01:16    Pg. 4 of 24

Fergusons ability to make a monthly payment relies upon the continuation of employment of Chad Ferguson who has been an electrician since he was 15 years old and has done nothing else in 20 years of employment history. Chad to secure his income and interest in his license is intimidated by the threat to not renew the license and realizes that his Chapter 13 is compromised without his income. This very intimidation is an act of coercing him to pay a money fine to the creditor or lose his license. This act compromises the chapter 13 plan and also serves to be an unfair tactical advantage of the creditor that could force Chad into a chapter 7 by their own doing to collect on any assets or property Chad has to get payment by simply refusing to honor the stay and refusing to allow him to renew his license impeding upon his ability to pay in a chapter 13 and placing him at risk of the creditor moving to convert his bankruptcy to a chapter 7 where the debtor loses all. This same tactical advantage would deficit the other creditors who would have slim pickings after we the debtors have been in a form extorted into giving them the lion share of any monies. Even if the creditor was not to move to convert to a chapter 7 or use any deceitful tactical remedy available the debtor is at substantial risk of them doing so and their interests in the right to a bankruptcy and have any control over which type of bankruptcy, they want to discharge under is seriously compromised by the creditor so much that court intervention is necessary to protect the interest of the debtor, the other creditors and the trustees right in the estate. The actions of the creditor go to defy the purpose of a chapter 13 stay "The stay springs into being immediately upon the filing of a bankruptcy petition: "[b]ecause the automatic stay is exactly what the name implies- 'automatic'-it operates without the necessity for judicial intervention." Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 113 (1st Cir.1994). It remains in force until a federal court either disposes of the case, see 11 U.S.C. § 362(c)(2), or lifts the stay, see id. § 362(d)-(f). This respite enables debtors to resolve their debts in a more orderly fashion, see In re Siciliano, 13 F.3d 748, 750 (3d Cir.1994), and at the same time safeguards their creditors by

EMERGENCY MOTION FOR TEMPORARY - 5    PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
RESTRAINING ORDER TO ENFORCE THE        6482 NE FIR STREET SUQUAMISH WA 98392
AUTOMATIC STAY                          (360) 621-3405

Case 21-01000-CMA    Doc 3    Filed 01/08/21    Ent. 01/08/21 15:01:16    Pg. 5 of 24

preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Sunshine Dev., 33 F.3d at 114; see generally 3 Collier on Bankruptcy ¶ 362.03 (15th rev. ed. 1996).

### 3. DENYING THE RENEWAL OF THE LICENSE IS AN ACT INTENDED TO COLLECT ON MONEY WHICH IS FOR PECUNIARY REASONS AND NOT EXEMPT UNDER THE BANKRUPTCY CODE AND ALSO AN ATTEMPT TO PUNISH THE DEBTOR FOR PAST BANKRUPTCY FILINGS IN VIOLATION OF BANKRUPTCY CODE

Refusal to deny renewal of the license until pre-petition debts (the delinquent fines) from 2014 of 24,000 are paid has violated the automatic stay. The sole reason for the non-renewal was the debtors outstanding liabilities in fines assessed. Had the debtor tendered payment prior to attempting to renew license the application would, presumably, have been approved. The debtor attempted to renew license prior to expiration and because the renewal period did not end prior to the filing of bankruptcy the debtor's estate retained a property interest in the license. The bankruptcy court in a prior case determined that the licensee should not be restricted to the period of time to cure its tax debt because the filings of the chapter 11 petition in that case constituted a proposal for a "deferred payment plan" and therefore the licensee should have been allowed renewal of their license. This is similar to our case where a payment plan will be created and confirmed by the court allowing the payments to be paid over a period of time. "In its decision, the bankruptcy court noted that the board's sole reason for the non-renewal was the licensee's outstanding tax liabilities. 112 B.R. at 716-17. Had the debtor tendered payment or made other arrangements to do so during the 10-month grace period, the renewal application would, presumably, have been approved. 112 B.R. at 718. Because the 10-month grace period did not expire until August 31, 1989 two weeks after the chapter 11 petition was filed the debtor's estate retained a property interest in the expired license as of the date of filing of the bankruptcy petition. 112 B.R. at 718. The bankruptcy

EMERGENCY MOTION FOR TEMPORARY - 6
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

court also determined that the licensee should not be restricted to the 10-month period to cure its tax debts because the filing of the chapter 11 petition constituted a proposal for a "deferred payment plan," satisfying the tax clearance requirements of 47 P.S. § 4-477(a) (6) (iii). 112 B.R. at 720." The bankruptcy court held that "the Board's refusal to renew the liquor license within the statutory renewal period solely because of the debtor's failure to pay a prepetition tax debt falls within the scope of activities prohibited by the automatic **\*23** stay. (Citing cases)." 112 B.R. at 721-22." For further study we incorporate Attachment F ( **In re Daniel NEJBERGER, d/b/a Piccolo's Famous Pizzas and Il Pastaio.)**

Section 362(a) of the United States Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay of most judicial proceedings against the debtor. See 11 U.S.C. §362(a)(West 1993 & Supp. 2000). However, section 362(b) provides for exceptions from the automatic stay including actions by a governmental unit to enforce its police or regulatory powers. 11 U.S.C. §362(b)(4)(West 1993 & Supp. 2000). The creditor in this issue is Labor and Industries and they do not fall under any exemption in bankruptcy code because they are attempting to collect on money interest only and not enforcing any regulatory power for any other reason but to collect on debt alleged to be owing. The stay is applicable to the creditor Labor and Industries because it is for money damages and as stated In 11 U.S. Code 362 (a) (4) are not exempt from the automatic stay when their action is to collect upon money Judgment "**(4)** under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;"). A money Judgment is a court order that awards the plaintiff a sum of money. This

EMERGENCY MOTION FOR TEMPORARY - 7
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

money judgment was made against Chad Ferguson in 2014 and is the sole basis for denial of Chad

Fergusons license. Department of Labor and Industries asserts this themselves within their own regulatory

codes and referred to as the WAC and RCW where they have no provisions for denying renewal unless a

license was suspended, revoked or there is outstanding monies owed for fines. Chad Ferguson has not had

his license suspended or revoked and there is no current or ongoing process we are aware of to suspend or

revoke the status of his license. The sole reason for denial is his outstanding money owed therefore does

not fall under police or regulatory powers for any other reason but to collect on debt and the denial of the

renewal is not to protect the public health and safety . WAC 296-46B-909 Electrical/telecommunications

contractor's license, administrator certificate and examination, master electrician certificate and

examination, electrician certificate and examination, copy, and miscellaneous fees. Notes: (1) The

department will deny renewal of a license, certificate, or permit if an individual owes money as a result of

an outstanding final judgment(s) to the department or is in revoked status. The department will deny

application of a license, certificate, or permit if an individual is in suspended status or owes money as a

result of an outstanding final judgment(s) to the electrical program. (2) Certificates may be prorated for

shorter renewal periods in one-year increments. Each year or part of a year will be calculated to be one

year. The exact words of the Departments regulatory authority acknowledge that it is a fine for

outstanding monies owed . Even if this court was to find any trace of regulatory or police powers being

asserted for purpose outside of collection of monies owed the court still does have the discretion to enter

orders to protect the estate of the debtor from the ravishing of it by the lion creditor Labor and Industries

who seeks to coerce the debtor into paying 24,000 in fines to them to protect his interest in the very

income, he needs to honor any chapter 13 repayment plan he enters into.  "The court may issue any

order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No

provision of this title providing for the raising of an issue by a party in interest shall be construed to

prevent the court from, sua sponte, taking any action or making any determination necessary or

EMERGENCY MOTION FOR TEMPORARY - 8
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a)(West 1993 & Supp. 2000)"

Namely, the courts predominantly find that such authority is necessary in order to prevent the defeat or impairment of jurisdiction. See In the matter of L&S Industries, Inc., 989 F.2d at 932 (finding an injunction of another court's proceedings proper where such proceedings would impair jurisdiction); see also A. H. Robins Co., Inc., 788 F.2d at 1003 ("the Bankruptcy Court may use its injunctive authority to 'protect the integrity of a bankrupt's estate and the Bankruptcy Court's custody thereof and to preserve to that Court the ability to exercise the authority delegated to it by Congress...'"(quoting In re Johns-Manville Corp., 40 B.R.219, 226 (Bankr. S.D.N.Y. 1984))). Namely, the court would be acting to protect the debtor's estate and the bankruptcy court's "custody" of the matter. We further submit for further study the caselaw available in our **attachment F** ( Value America, INC. vs Paula Freschi Kamena for further study in support of our request the court intervene in the violation of the stay by the creditor Labor and Industries. ("the Bankruptcy Court may use its injunctive authority to 'protect the integrity of a bankrupt's estate and the Bankruptcy Court's custody thereof and to preserve to that Court the ability to exercise the authority delegated to it by Congress...'"(quoting In re Johns-Manville Corp., 40 B.R.219, 226 (Bankr. S.D.N.Y. 1984))). Were this court to grant the motion requested the court would be acting to protect the debtor's estate and the bankruptcy court's custody of the matter. Further the very fact that Labor and Industries is choosing not to renew license based upon past bankruptcies goes to violate 11. U.S Code 525 – Protection against discriminatory treatment  (a)Except as provided in the Perishable Agricultural Commodities Act, 1930, the Packers and Stockyards Act, 1921, and section 1 of the Act entitled "An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes," approved July 12, 1943, a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment

EMERGENCY MOTION FOR TEMPORARY - 9
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

Case 21-01000-CMA    Doc 3    Filed 01/08/21    Ent. 01/08/21 15:01:16    Pg. 9 of 24

of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

**4. CHAD FERGUSON HAS FILED ALL THREE BANKRUPTCIES WITH GOOD FAITH**

In 2016 Chad Fergusons wages were being garnished and he was unable to pay for his families living with 4 children at the time and two disabled children it was not an option to just not provide for his family. There was pending doom upon him with mortgage being behind. Chad filed bankruptcy to benefit from the automatic stay and stop the collection actions so he could have a more orderly fashion to pay his debts without compromise of his ability to provide. Chad kept the bankruptcy open and even attended a meeting with the trustee and to file the rest of the paperwork as required. He was intending to go through with a Chapter 7 and discharge. During the filing of the bankruptcy Chad was employed. In the midst of his chapter 7 bankruptcy and during those first 30 days Chad Ferguson was fired from his place of employment. Chad realized at this time He enjoyed the benefit of the stay and decided to take a test to get a different type of license later that month which would allow him to go into business for himself but needed both the master electrician license and the contractor , he did not originally realize he could have from the stay which is why he renewed it several weeks after the stay was initiated ( obviously Chad did not expect to be fired so obviously the getting of a contractor's license was not something he could have even anticipated he needed prior to filing his bankruptcy and came in the midst of stay as a decision to take a new route). Upon being fired he realized he could open his own contractor company, and so he did. It was the offer of many jobs prior to his actual starting business that made him

EMERGENCY MOTION FOR TEMPORARY - 10
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

realize he had a route to handle his mortgage and other debts without the drastic measure of a bankruptcy, so he allowed for dismissal of the bankruptcy and proceeded with that route ( no creditor had filed any action against him there was no adverse proceedings ongoing he simply believed he had a less drastic route and proceeded in the interest of his ability to financially recover. The Sun had started to shine at the end of the tunnel for him and he went that direction). During this period between 2016 and 2019 Chad begun to catch up, received loan modifications and was doing well now as a contractor. During this period through Chad had ongoing litigation with the State of Washington regarding two lost businesses and for both they believed they would prevail. One matter involved debt they were personally assessed for and lost LLC and that debt they finally voluntarily dismissed their appeals with the board of Industrial hearings when they realized their efforts to prevail were futile. The debt was then assessed, and liens placed on their home. Mortgage crisis repeated, their son became a victim of Rape and they became burdened down by excessive behavior issues that raised from that and Chad Ferguson became depressed on and off unable to work handling the loss of their sons former behaviors, relationships with them. They lost their lawsuit against the state regarding their business Caring Hands Learning Center and one of the defendants were awarded attorney fees which was 24,000 dollars which was not final where they brought Judgment until 2019. Ferguson was so barred down with the other matters that they were unable to adequately defend and conduct discovery to show the merit of their case causing them to get a heavy judgment against them of 24,000. In 2019 Chad filed bankruptcy again when it became apparent that he needed to discharge all the debt. The unfortunate thing is that Chad being not an experienced litigant did not file the correct bankruptcy or realize at the time that it could not discharge some of the debt and neither did he understand that a Chapter 13 was the more appropriate route. Chad had the automatic stay permit him to get his license renewed and during that time Chad took credit counseling realizing that other options were available and that creditors cannot just come after him with judgments if he is making good faith payment plans and keeping to agreements and also labor and industries informed him that he

EMERGENCY MOTION FOR TEMPORARY - 11
RESTRAINING ORDER TO ENFORCE THE
AUTOMATIC STAY

PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

could still bring his affirmative defenses to the validity of their citations which we refer to the fact

statement  he believed that he had maybe filed prematurely and had routes considering the department

wanted to work with him or at least made it appear they did.  Chad realized he could make arrangements

and attempted to make arrangements with his multiple creditors and under that understanding permitted

his bankruptcy to be dismissed.  Following the events mentioned in his declaration the fact statement

Chad decided he had been misled and deceived and that now with all the multiple debts coming after him

simultaneously that he should file bankruptcy and enter into the Chapter 13 repayment plan allowing him

breathing room to reorganize the debt and create a payment plan that would treat all creditors fairly not

allowing one creditor to get the lion share while unable to honor the payment arrangements to the others.

Evidence of his intent to be able to pay his creditors as promised and his good faith attempt to enter into

payment plans  are substantiated by the the events that show that even in the midst of filing bankruptcy,

he tries to first negotiate with Alliance One but then learns that the department of labor and industries will

not honor their agreement and that his ability to keep any promise to his creditor will be compromised.

He even offered to forego appeal if they were willing to allow payments see his declaration.  He even

informed them after filing bankruptcy that he still wanted a payment plan or to work with them but was

not sure how that is impacted by chapter 13 and that wherever appropriate he will consider reaffirmations

and to please come to the meeting of the creditors see email see his declaration.

## IV.    CONCLUSION

For the reasons so well stated we ask this court to grant the relief requested

SIGNED AND DATED THIS 8th DAY OF JANUARY 2021 IN SUQUAMISH WASHINGTON

_____          _____

CHADWICK FERGUSON PRO SE DEBTOR          APRIL FERGUSON PRO SE DEBTOR

EMERGENCY MOTION FOR TEMPORARY - 12          PRO SE DEBTOR CHADWICK AND APRIL FERGUSON
RESTRAINING ORDER TO ENFORCE THE          6482 NE FIR STREET SUQUAMISH WA 98392
AUTOMATIC STAY          (360) 621-3405

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | Case No.: 20-13157 |
|---|---|
| In re:<br><br>CHADWICK AND APRIL FERGUSON<br><br>DEBTOR. | Chapter 13 |
| | Adv. Proc. No. 21-01000 |
| APRIL AND CHADWICK FERGUSON,<br><br>    PLAINTIFF,<br><br>VS<br><br>WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES,<br><br>DEFENDANT. | DECLARATION OF CHADWICK FERGUSON IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO ENFORCE THE AUTOMATIC STAY AGAINST LABOR AND INDUSTRIES |

1. I Chadwick Ferguson am over the age of 18 and competent to testify in the above matter and am the debtor in this matter.

2. On December 31st we filed a bankruptcy petition with this court which immediately put into effect an automatic stay.

3. On December 30TH we contacted by sending an email to Labor and Industries notice of the bankruptcy and automatic stay. We then followed up immediately with a phone call. During the phone call conversation, we spoke with a lady in Electrical licensing who told us that our license can be renewed quickly all that needed to

CHADWICK FERGUSON DECLARATION - 1

PRO SE DEBTOR CHADWICK FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

happen was citations department needed to remove the hold on the license and that

there was an administrative hold on the renewing of the license placed on it by

citations department for the electrical program of Labor and Industries. She told me I

needed to speak to a Mauree and gave us Mauree phone number wnich was a direct

line to her at 3609025268. We contacted Mauree. When we spoke with Mauree the

call was placed by April Ferguson with us both on speaker.  Mauree immediately said

"Is this Chad Fergusons wife" and then went to say the following ""I was going to

call you

to tell you that we have decided not to allow any bankruptcies."  When we responded

back "You cannot just tell us we cannot bankrupt" she responded with ""we do not

have to acknowledge the bankruptcy you have done this

now 4 times."   We informed her that in 2016 why we did not go through with the

bankruptcy and in 2019 the basis then as well because she claimed that the prior

bankruptcies are why they will not allow the current bankruptcy and claimed that it

was our fourth even though it was only our third.  She said  "we do not have to

acknowledge the bankruptcy you have done this now 4 times. When we told her that

she was in violation of the automatic stay she said that it did not matter. When we

told her she cannot just do that they would need to bring some kind of motion or

something and she said "that maybe they would do that"  and also had confirmed

that she had not even spoken to legal counsel since we had served them notice of the

bankruptcy. . She was asked what  her name was and she refused to give any last

name said she did not have to give us personal information. When we asked to speak

to her supervisor she refused claiming "she does not take phone calls" she refused to

give us the name of a supervisor.  She then claimed that her supervisor had spoken to

her after we had tried to make payment arrangements and that they had planned to do this in the event we tried to file a bankruptcy and that between her and her supervisor this decision had happened and that she was told to handle us. I had taken over the phone call and was doing most of the talking after the initiation of the call. I then left the phone call and used the other phone we have to contact labor and Industries and at that time learned that her supervisors name was Faith Jeffreys. When getting ahold of Faith it was confirmed by Faith that it was her decision and that they claimed they were doing it because of the past bankruptcies and the unpaid fines and that the refused to remove the administrative hold so that licensing can allow renewal of the license. When Faith was asked by me "you are violating my Constitutional rights" she replied "I am okay with that". I was unable to renew my license on the 31st of December after informing them that I had a bankruptcy and an automatic stay and serving the bankruptcy filing upon them see **attachment E.**

4. On December 31st I emailed labor and industries Electrical Program, licensing and citations again and attached the notice of bankruptcy filing informing them of the automatic stay. I Followed up with a phone call to them which repeated with the same denial as in the the day prior and Mauree again claimed the reason for denial was past bankruptcies and upaid fines. She specifically said "past bankruptcies". During this conversation I again asked for the administrative hold to be removed so he could renew his license. I also attempted to renew the license again which failed due to the administrative hold and has taken a video of this attempt if needed by the court to show as evidence.

5. I also was able to get them to verify both on the 30th and the 31st receipt of my email

CHADWICK FERGUSON DECLARATION - 3

PRO SE DEBTOR CHADWICK FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

6. In 2014 we owned two businesses Caring Hands Learning Center and Sunny Electric. Due to unfortunate events both businesses were ended in 2014 and early 2015. Financial hardship and past debts were placed upon us

7. In 2014 I was cited for around 8,000 twice to me personally and on two different license equaling around 16,000 but both citations were done at the same time and for the same occurrences of alleged violation of electrical code when I changed ballests for lightbulbs and was doing what had always been known as like and kind replacement yet they wanted me to pull permits and this was confusing because I had asked inspectors at times to be told it was like and kind replacement . I appealed and was denied appeal because I did not have the financial resources to pay. There was also an issue with me ever receiving the actual citation notice and the appeal rights and I went all the way up to the Electrical Board literally begging for someone to help me **Attachment A..** The fines were sent to a collection agency called Alliance One and they required 1/3 down to set up a payment arrangement. During this time I continued to claim I never received actual citation notice and that they had not followed Administrative Procedure Act. The fines were for changing out ballast and I was fined for doing interior wiring without pulling permits. I never had the ability to demonstrate that I used a ballast that required not exterior wiring change and was a simple plug and unplug like and kind replacement.

8. In 2016 we had our children removed after some traumatic events took place and we ultimately won that matter but suffered 6 months of wage losses while fighting that battle with the State of Washington. The battle ended October of 2016 with the case being dismissed against us right before trial. Due to the visits with our children 3 times a week and the burden upon my work schedule I was suffering employment

CHADWICK FERGUSON  DECLARATION - 4

PRO SE DEBTOR CHADWICK FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

issues with my employer. There was also pending doom with mortgage and many other debts stacking up on us. We had even gained 70,000 in attorney costs ( a still outstanding debt and one of the debts being claimed in the bankruptcy).

9. November of 2016 I had my wages garnished from a debt collector and was unable to provide for my family and while having the wages taken out of my paychecks. With all the financial stress I decided it was time for a chapter 7 bankruptcy and I filed end of November. It was these collection actions that led to my filing in 2016 and actually had nothing to do with the citations and was to do with another debt with labor and industries see **Attachment B** and the excessive debts I had at that time that had become too much. My email communications prove that I was trying to get relief from debt that was a garnishment and that I had tried to bring a motion with the court for automatic stay ( he had not yet learned that just happens from filing). I was open and honest about why I was filing and that was the garnishments and debts were to excessive and I needed a fresh start.

10. December of 2016 in the midst of my bankruptcy decided I would go take my Master Electricians certification test and work to improve my value with my current employer. I had not even attempted to pay to get the actual license yet when late December I was fired from my employment as project manager for an electrical contractor. The wage garnishment issue, and the bankruptcy and the fact that I had so many days off due to the loss of my children that year had become burdensome upon my employer and a stressor on the employee and employer relationship.

11. Late December of 2016 I decided since I was in a current bankruptcy Stay that I could decide to get my Master Electricians license and Contractors license and have a fresh start . With many jobs lining up for services I decided that I could try on my

CHADWICK FERGUSON DECLARATION - 5

PRO SE DEBTOR CHADWICK FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

own with this new license and pay back my creditors and I dismissed my bankruptcy ( my wife was also pursuing a lawsuit against the State for the loss of her daycare license so I learned that the bankruptcy would impact that and decided it was better to try to pay the debts with my new company and not compromise the dismissal of her case).

12. In 2017 and 2018 we went through more hardships as April Ferguson pursued a legal matter that cost her business in 2015. That legal matter had many financial strains upon the us. Also in 2017 and 2018 legal actions were brought against us to have us personally assessed prior businesses that had failed unemployment insurance debt. Also a Judgment had been brought against us to pay attorney fees for one of the defendants in Aprils lawsuit against the state. The debts now had raised to become too burdensome upon us and hindered our ability to pay bills. No creditor would take payment arrangements that were manageable, and Labor and Industries refused to take any payment arrangements. I filed again Bankruptcy on or around June of 2019 with intentions to discharge on this chapter 7.

13. In 2019 bankruptcy I had taken a credit and debt class as required by bankruptcy code. Originally, I filed and only filed the bankruptcy petition with the intent to follow up with the rest of the filing as required closer to the meeting of the creditors. In the meantime, I pursued the automatic stay to have my Master Electrician license renewed. While on the conversation with citations department of Labor and Industries I was debating the legitimacy of the debt in the first place and was told by the labor and Industries employee that I could just claim those affirmative defenses when they bring a legal action to collect on the debt and that as of yet there is no actual judgment to enforce any debt ( 5 years later and they had not even brought any

PRO SE DEBTOR CHADWICK FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

action to enforce the administrative action of the fines). This confused ME because of RCW 4.16.100 which gives a 2 year statue of limitations on actions upon a penalty to the state. I believed that they had failed to meet the statute of limitations and the debt to not be legit. The employee of labor and industries then told me that my action was premature that bankruptcy was probably not even needed if I could first wait until they bring their legal action and then if I lose I could set up a payment arrangement. I believed the department to be giving legit advice at that time and with the credit counseling suggesting payment arrangements and trying to avoid bankruptcy by establishing payment arrangements outside of bankruptcy I agreed with Labor and Industries that it may be premature and I dismissed the bankruptcy.

14. In 2019 after the bankruptcy had been filed April Ferguson lost her lawsuit and attorney fees for one of the defendants had been placed on her as a Judgment. That Judgment was for 24,000 and they did not initiate actions to come after her until the end of 2019.

15. In early 2020 the collection agency working for the debt owed to Labor and Industries Electrical citations department did exactly as they had claimed to me they would in 2019 and they brought action to enforce the Judgment . They filed their complaint and summons in early 2020. That matter was heard in summary Judgment on December 18th of this year. We lost on the matter and my wife immediately asked Alliance One the Collection agency for a payment plan and attempted to set up a payment plan as was discussed in the 2019 conversation before allowing dismissal of the bankruptcy see attachment C an email I have personal knowledge of and was present when she wrote and I have access to her email and prepared for presentation with this declaration **Attachment C** and see on those few emails in the string that

CHADWICK FERGUSON DECLARATION - 7

PRO SE DEBTOR CHADWICK FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

they had actually put together a payment plan and negoatied that with Alliance One .

We then had to inform Alliance One which is the first page of the **Attachment C** that

payment arrangement will not be honored by Labor and Industries and we discuss

what we were told in 2019 and how we feel deceived but are still wanting to work

with Alliance One through a Chapter 13 which would be the only way we could do a

payment arrangement and protect our ability to honor the payment arrangement.

Alliance one the collection agency was agreeable to the payment plan but Labor and

Industries when I contacted them would not honor the payment plan and said that

until all the debt was paid they would deny the renewal of the license. These

communications substantiate the good faith I had to pursue the payment plans prior to

filing. I realized this was an issue because making payments with Alliance One was

depending upon my financial ability to pay and loss of license means loss of income.

16. I have now with over 150,000 in debt filed bankruptcy on December 30th 2020 . This

time though I only filed a chapter 13 with hopes to repay the creditors and enter into

a reasonable payment plan which is the purpose of a chapter 13.

17. I cannot honor any payment plan to my creditors without my license and so when the

debt came to the point of compromising my ability to even earn an income I decided

I needed a fresh start and filed Chapter 13 which is the purpose of a chapter 13.

18. I believe that in 2019 the department acted with bad faith and deception when

advising me to dismiss his bankruptcy and the fact that we attempted to handle the

matter in the suit that followed in 2020 from the collection agency should

substantiate both our impressions of the options available to us and our good faith.

We believe it was highly deceptive to lead us on to believe that if we lost a suit that

would be brought that we could then enter into payment arrangements and then to

CHADWICK FERGUSON  DECLARATION - 8

PRO SE DEBTOR CHADWICK FERGUSON
6482 NE FIR STREET SUQUAMISH WA 98392
(360) 621-3405

deny us those impacting our ability to provide or pay into any payment plan whatsoever and then to follow that with ignoring the automatic stay that was in force when we filed our bankruptcy.

19. This is our first Chapter 13 and we filed it so we could repay our creditors, maintain our business assets, our place of living and continue to provide for our family which are all reasons for a chapter 13 instead of a chapter 7.

20. I have 6 dependents all young children under the age of 12 and two being disabled with one severely disabled. My family relies upon me working.

21. I have no enforcement actions that have been taken against me that give legit grounds for denying renewal of my electrical contractors license other than that administrative hold for the unpaid fines from now 6 years ago.

22. If I was to muster up the money to pay the fines I would be taking estate that is supposed to be in the control of the trustee and I believe that the actions of the creditor Labor and Industries is an unjust and unfair surprise that has the intent to intimidate me to pay them the lion share of my assets and money to continue in my employment (Electrical contractor) and I believes is unjust and unfair to the other creditors and a violation of my rights to a fair and fresh start.. My ability to pay into a chapter 13 repayment plan and the viability of this bankruptcy case depends upon my work so I plead with the court to take action against Labor and Industries and issue them an order to permit the renewal of the license just like what was done in the case "Quadia Bererhout and Jennifer Fiorita vs City of Malden attached as **attachment D** and we ask the court to consider the similarity of the cases.

23. I know that Labor and Industries has mentioned to me that due to me filing for bankruptcy in the past they will prevent me from filing this time and to get the

CHADWICK FERGUSON  DECLARATION - 9

licensed renewed I must pay the citations. I have not filed bankruptcy recently and the last one was dismissed 1.5 years ago. I had asked the trustee if I can just have it dismissed and it was dismissed on 6/24/2019. The first one was dismissed on 2/23/2017.

24. My license has been officially denied as of now when I first wrote and submitted this declaration, I had not yet had the date of expiration come on me but now it has and I have amended the declaration to add this statement that the license is revoked and the exhibit H is a picture of the website claiming that it was not renewed and is expired. I also in exhibit H show you the email communications and the attachments to the email communications showing that after they would not allow me to renew when I was trying to renew online but they refused to remove the administrative holds saying they were denying me the license I placed in the mail the application for renewal and I placed with it the money and sent. Each picture in Exhibit H other then the labor and industries screen is an attachment to the email I had sent showing them I was now sending it as well. You will see in the email communication them acknowledge they received the email and say they will handle accordingly. They then do not renew the license.

I SWEAR UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNED AND DATED THIS 8TH DAY OF JANUARY 2021 IN SUQUAMISH WASHINGTON

CHADWICK FERGUSON  DECLARATION - 10                    PRO SE DEBTOR CHADWICK FERGUSON
                                                       6482 NE FIR STREET SUQUAMISH WA 98392
                                                       (360) 621-3405

CHADWICK FERGUSON PRO SE DEBTOR

CHADWICK FERGUSON  DECLARATION - 11

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>CHADWICK AND APRIL FERGUSON,<br><br>        DEBTOR,<br><br>APRIL AND CHADWICK FERGUSON,<br><br>        PLAINTIFF,<br><br>VS,<br><br>WASHINGTON STATE LABOR AND INDUSTRIES ,<br><br>        DEFENDANT, | Case No.: 20-13157<br><br>CHAPTER 13<br><br>Adv. Proc. No. 21-01000<br><br>PROPOSED ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO ENFORCE THE AUTOMATIC STAY 11 U.S CODE 362 AGAINST LABOR AND INDUSTRIES |

After hearing the  motion  for a Temporary Restraining Order it is ordered  Department of Labor and Industries Electrical Program both licensing and citations departments should take all necessary and appropriate action to renew the debtor's Electrical Contracting license to include removal of any administrative holds on the renewal of the license .

It is further ordered

_____

_____

_____

DATED THIS _____ DAY OF JANUARY 2021

_____

JUDGE

PROPOSED ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO ENFORCE THE AUTOMATIC STAY 11 U.S CODE 362 AGAINST LABOR AND INDUSTRIES - 1