UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Case No.: 20-13157 |
| APRIL AND CHADWICK FERGUSON, | |
| Debtor, | Chapter 13 |
| APRIL AND CHADWICK FERGUSON, | |
| Plaintiff, | Adversary Complaint. No.: 21-01000 |
| vs. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, LARRY VANCE, WAYNE MOLESWORTH, MARICRUZ MEJIA, FAITH JEFFREY | FIRST AMENDED COMPLAINT |
| Defendant. | |

Chadwick and April Ferguson, come pro se and, files this Complaint pursuant to Federal

Bankruptcy laws and rules and alleges the following in support of the requested relief:

## JURISDICTION

1. Debtor filed its Chapter 13 petition on December 30th 2020 ( the petition date) This is an

   adversary proceeding in which the Plaintiff is seeking [ Injunctive relief for

   enforcement of the Automatic Stay pursuant to 7001 (7) and Federal Rules of

   Bankruptcy Procedure 7065 and for relief to be granted including relief for damages .

**Plaintiff is also seeking damages for additional claims pursuant to 1983 Civil rights claims**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. **The court has jurisdiction to hear the additional claims 28 U.S.C 157 © because the claims regarding private rights and are de facto adjunct claims that arise from the same facts and closely related ones that give cause to the claims here that are core matters related to defendants violation of the automatic stay and therefore should be tried together.**

3. This is a proceeding pursuant to Pursuant to Federal Rule of Bankruptcy Procedure 7001(7),.

4. Plaintiff has standing to bring this action pursuant to Pursuant to Federal Rule of Bankruptcy Procedure 7001(7),

5. Venue is proper pursuant to Federal Rule of Bankruptcy Procedure 5005 (a) and F.R Civ. P Rule 7003 1071-1 of the UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF WASHINGTON

6. Defendant Labor and Industries is a state agency of the State of Washington to whom the debtor plaintiff owes 24,000 in fines from 2014 to including the amount required to be paid to the collection agency to release the debt from administrative hold.

7. **Defendant Faith Jeffrey State of Washington Department of Labor and Industries employee who is being sued for violations of Federal and Constitutional Rights under color of State law 1983 Civil Rights claims**

8. **Defendant Larry Vance Acting Chief Electrical Inspector with Washington State Department of Labor and Industries sued for violations of Federal and Constitutional Rights under color of State Law 1983 Civil Rights claims**

9. **Defendant Wayne Molesworth Acting Chief Electrical Inspector Washington State Department of Labor and Industries**

10. **Maricruz Mejia Washington State Department of Labor and Industries employee who is being sued for violations of Federal and Constitutional Rights under color of State Law 1983 claims**

## BACKGROUND FACTS

11. Irreparable harm compromising the estate, the bankruptcy and the rights of other creditors and myself the debtor are about to happen if immediate action is not taken in the matter to preserve the property of the estate and prevent Labor and Industries from taking action that will compromise with collection action the bankruptcy case.

12. On December 30th plaintiffs filed a bankruptcy petition with this court which immediately put into effect an automatic stay. On December 30TH plaintiffs contacted by sending an email to Labor and Industries notice of the bankruptcy and automatic stay and then followed up immediately with a phone call. During the phone call conversation, they spoke with a lady in Electrical licensing who told them that their license can be renewed quickly all that needed to happen was citations department needed to remove the hold on the license and that there was an administrative hold on the renewing of the license placed on it by citations department for the electrical program of Labor and Industries. They contacted Mauree who said. "Is this Chad Fergusons wife" and then went to say the following ""I was going to call you to tell you

that we have decided not to allow any bankruptcies." When they responded back "You

cannot just tell us we cannot bankrupt" she responded with ""we do not have to

acknowledge the bankruptcy you have done this now 4 times." They informed her that

in 2016 why we did not go through with the bankruptcy and in 2019 the basis then as

well because she claimed that the prior bankruptcies are why they will not allow the

current bankruptcy and claimed that it was their fourth even though it was only their

third. She said "we do not have to acknowledge the bankruptcy you have done this now

4 times. When they told her that she was in violation of the automatic stay she said that

it did not matter. When they told her she cannot just do that they would need to bring

some kind of motion or something and she said "that maybe they would do that" and

also had confirmed that she had not even spoken to legal counsel since they had served

them notice of the bankruptcy. . She was asked what her name was and she refused to

give any last name said she did not have to give them personal information. She then

claimed that her supervisor had spoken to her after they had tried to make payment

arrangements and that they had planned to do this in the event they tried to file a

bankruptcy and that between her and her supervisor this decision had happened and that

she was told to handle them.. Chad then left the phone call and used the other phone

they have to contact labor and Industries and at that time learned that her supervisors

name was Faith Jeffreys. When getting ahold of Faith it was confirmed by Faith that it

was her decision and that they claimed they were doing it because of the past

bankruptcies and the unpaid fines and that she refused to remove the administrative hold

so that licensing can allow renewal of the license. When Faith was asked by Chad

Ferguson "you are violating my Constitutional rights" she replied "I am okay with

that". Chad was unable to renew Electrical contractors license on the 31st of December after informing them that he had a bankruptcy and an automatic stay and serving the bankruptcy filing upon them.

13. On December 31st Chad Ferguson emailed labor and industries Electrical Program, licensing and citations again and attached the notice of bankruptcy filing informing them of the automatic stay and Followed up with a phone call to them which repeated with the same denial as in the day prior and Mauree again claimed the reason for denial was past bankruptcies and unpaid fines. She specifically said "past bankruptcies". During this conversation Chad Ferguson again asked for the administrative hold to be removed so he could renew his license and he also attempted to renew the license again which failed due to the administrative hold

14. In 2019 bankruptcy he had taken a credit and debt class as required by bankruptcy code. Originally, he filed and only filed the bankruptcy petition with the intent to follow up with the rest of the filing as required closer to the meeting of the creditors. In the meantime, he pursued the automatic stay to have his Master Electrician license renewed. While on the conversation with citations department of Labor and Industries he was debating the legitimacy of the debt in the first place and was told by the labor and Industries employee that he could just claim those affirmative defenses when they bring a legal action to collect on the debt and that as of yet there is no actual judgment to enforce any debt.. This confused him because of RCW 4.16.100 which gives a 2 year statue of limitations on actions upon a penalty to the state. He believed that they had failed to meet the statute of limitations and the debt to not be legit. The employee of labor and industries then told him that his action was premature that bankruptcy was

probably not even needed if he could first wait until they bring their legal action and then if he lose he could set up a payment arrangement. He believed the department to be giving legit advice at that time and with the credit counseling suggesting payment arrangements and trying to avoid bankruptcy by establishing payment arrangements outside of bankruptcy he agreed with Labor and Industries that it may be premature and he asked the trustee if it can be dismissed the bankruptcy.

15. They ( the collection agency Alliance One Receivables working for Labor and Industries) filed their complaint and summons in early 2020. That matter was heard in summary Judgment on December 18th of this year. Fergusons lost on the matter and immediately asked Alliance One the Collection agency for a payment plan and attempted to set up a payment plan as was discussed in the 2019 conversation before allowing dismissal of the bankruptcy. . Alliance one the collection agency was agreeable to the payment plan but Labor and Industries would not honor the payment plan and said that until all the debt was paid they would deny the renewal of the license. Fergusons realized this was an issue because making payments with Alliance One was depending upon their financial ability to pay and loss of license means loss of income.

16. The Fergusons filed this time though only filed a chapter 13 with hopes to repay the creditors and enter into a reasonable payment plan which is the purpose of a chapter 13. They cannot honor any payment plan to creditors without income and so when the debt came to the point of compromising their ability to even earn an income they decided they needed a fresh start and filed Chapter 13 which is the purpose of a chapter 13.

17. It appears that in 2019 the department acted with bad faith and deception when advising Fergusons dismiss his bankruptcy.

APRIL AND CHADWICK FERGUSON, PRO SE
6482 NE FIR ST, SUQUAMISH WA, 98392

18. This is our first Chapter 13 and we filed it so they could repay their creditors, maintain their business assets, place of living and continue to provide for their family which are all reasons for a chapter 13 instead of a chapter 7. They have 6 dependents all young children under the age of 12 and two being disabled with one severely disabled and family relies upon the work of Chad Ferguson which relies upon the electrical contractor license.

19. Chad has no enforcement actions that have been taken against him that give legit grounds for denying renewal of electrical contractors license other than that administrative hold for the unpaid fines from now 6 years ago. If he was to muster up the money to pay the fines It would be taking estate that is supposed to be in the control of the trustee and that the actions of the creditor Labor and Industries is an unjust and unfair surprise that has the intent to intimidate him to pay them the lion share of assets and money to continue in employment (Electrical contractor) in violation of the automatic stay . His ability to pay into a chapter 13 repayment plan and the viability of this bankruptcy case depends upon his work so Injunctive relief with the court to take action against Labor and Industries and issue them an order to permit the renewal of the license and provide for damages accruing is now necessary to restore the damage.

20. The refusal to renew the license constitutes a violation of the Automatic Stay pursuant to U.S.C 362 (a) and U.S.C 525 and also violates Chad Fergusons Constitutional rights and is discrimination upon him.

21. Fergusons are now suffering financial hardship due to having to put on hold work to prepare legal documents and fight the actions against them. They are and will be

continuing to suffer significant financial loss with an immediate halt coming to their income they receive from Chad Fergusons labor as an electrical contractor.

22. Early January of 2021 and Prior to the license expiration date of January 6th, 2021, Chad Ferguson attempted to renew his license again through mailing a payment for renewal and the renewal application. Labor and Industries did not respond to the application other then to say they will handle it the same way they handled the online attempts to renew which was to ignore. Chad was given no notice of denial, and reasons for denial or right to appeal.

23. Chad Ferguson's license expired on January 6th, 2021.

24. After the expiration of Chadwick Ferguson's Electrical license, The Department of Labor and Industries presented a Conditional License agreement presented by their Electrical Inspectors WAYNE MOLESWORTH where the department through its employees coerced Chad Ferguson to sign the agreement claiming that it would allow him the right to file his bankruptcy and still renew his license but that the license was conditional. The conditional license agreement required he sign within 2 days and that the license will be renewed once signed. Chad under duress attempted to negotiate the conditions which were not accepted, and Chad signed under duress and relying upon the information on the agreement as basis of decisions regarding his liberties and rights within the Bankruptcy matter until that agreement became null and void in May of 2021 by court order. Chad Ferguson was coerced to sign as the state was implying that the State would continue to violate the automatic stay and his rights to renew his license and his right to a bankruptcy unless signed.

25. Part of the agreement that Chad signed under duress required that the bankruptcy not be dismissed or that he would automatically have his conditional license revoked. Chad relied upon that clause in his forming his impressions and his mental state when making business decisions between signing the agreement and May of 2021 when the conditional agreement became null and void. Labor and Industries requires that a electrician be licensed to pull permits and perform work. The agreement that he signed that he was under with the Department of Labor and Industries wrongfully impacted his ability to function consistently with his business as there was a motion filed by the Trustee to dismiss his case and he stopped scheduling work in April of 2021 under the impression that he may soon be unlicensed and that he had no ability to confirm with clients that he could perform the work to completion or be able to schedule their jobs where he could be reliable. The constant stress, anxiety and uncertainty of the pending motion and the fact that Labor and Industries would be revoking his license if the motion to dismiss was not in the plaintiff's favor put undue emotional stress upon Chadwick Ferguson leading to anxiety, depression and business interference.

26. The Fergusons know of no law that allows the department to issue a conditional license agreement and license in response to a license application and or as a replacement for access to due process through the administrative Procedure acts. Fergusons have a right to due process through the Administrative Procedure act when he was denied a license, had a license modified, had a license suspended. Chad has been to date not afforded any process or informed of any process to

appeal the conditional license status, the denial of his license applications, and attempts to apply for a license in violation of his due process rights.

27. Washington law 19.28.381 requires that the Department shall notify an applicant for a license of their denial by registered mail, return receipt and that the applicant may appeal the denial.

28. Defendants Faith Jeffreys, Maricurz Mejia, and Wayne Molesworth claimed and implied that the department was denying the renewal of the license as a police and regulatory action and because of his history with the department and his recent violations and when asked what violations would continue to say " we don't have to permit you another bankruptcy" "because of your history filing bankruptcies" "because of your past bankruptcies" but failed to be able to identify to Chad and April Ferguson what current or recent violations they had committed other then the ones in 2014. The department employees named as defendants continued to say as well " We made this decision" "We had a meeting and decided not to ignore your bankruptcy" " to not allow your bankruptcy" "we are doing this to protect the departments interests" and when told by Chad Ferguson "Your violating my Constitutional rights" Faith Jeffreys replied "I am okay with that".. This was done to Chad without affording him any due process rights or appeal which is required if there are violations of Chapter RCW 19.28.490. Chad was neither notified of the alleged violations that was being used to claim current licensing violations and history to deny his renewal of a license nor was he given any opportunity to appeal these claimed history of recent violations of electrical code.

29. **Defendants Department of Labor and Industries through their employees named and all of them denied a timely renewal of a license, and then allowed the license to expire and hung Infront of Chad Ferguson an agreement to give him a conditional license if he signs their agreement. The defendants failed to adhere to Washington Administrative Procedure act chapter 34.05.422 (3) When a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, an existing full, temporary, or provisional license does not expire until the application has been finally determined by the agency, and, in case the application is denied or the terms of the new license limited, until the last day for seeking review of the agency order or a later date fixed by order of the reviewing court.**

## COUNT I – ENFORCEMENT OF AUTOMATIC STAY – DISPOSITION AND EXERCISE OF CONTROL OVER PROPERTY OF THE ESTATE

30. The allegations contained in paragraphs 1 through 29 are incorporated herein as if fully restated in their entirety.

31. Bankruptcy Code Section 541(a)(1) provides:

    a. The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

        1. Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. §541(a)(1).

32. The Debtor rights to exercise control over its property interests of the bankruptcy estate crucial to the debtors ability to enter into a repayment plan. The Electrical Contractor license is property of the debtor and needed to successfully emerge from the bankruptcy following payment of all credits including Labor and Industries.

33. Bankruptcy Code Section 362(a)(3) provides: (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—: (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. §362(a)(3).

34. The collection activities of Labor and Industries is outside of its police and regulatory authority that is exempt from stay and is an actual and for the purpose of collection of monies owing which is not an exempt activity from the automatic stay. The collection activity compromises the bankruptcy case, and places control over major asset of the debtor as well as compromises the financial status of the debtor so much to impede upon their eligibility to enter into a repayment plan and therefore places an unfair and unjust position over the debtor that places the creditor in the tactical advantage to harm the outcome of the bankruptcy case.

35. Labor and Industries withholding the income source of the debtor by requiring him to pay fines is an attempt to exercise control over property of the debtors estate and in violation of the stay.

36. The debtor requests that the court enter an order and Judgment declaring that the automatic stay operats to prohibit the efforts of Labor and Industries to collect on fines by withholding the license of Chad Ferguson for past money owing or refusing to permit the renewal of and in addition we ask for money damages of 600.00 a day to compensate for lost earnings, and damages for punitive and emotional damages as well as any other damages this court sees appropriate to award the plaintiff.

## COUNT II – ENFORCEMENT OF AUTOMATIC STAY – ACTIONS DESIGNED TO COLLECT PRE-PETITION CLAIM

37. The allegations contained in paragraphs 1-29 are incorporated herein as if fully restated in their entirety.

38. Bankruptcy Code Code section 362 (a) (6) provides (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—: (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. 11 U.S.C. §362(a)(6).

39. Labor and Industries placed fines on Chadwick Ferguson in 2014 and since has taken no actions to revoke or suspend license or place in probationary status. The regulations and laws of Labor and Industries only allows the denial of renewal of Electrical contractor license if the the person applying has had a licensed revoked, suspended or that they owe outstanding fees. Chad Fergusons license is being denied renewal due to owing money and for no other regulatory reasons but to collect on a pre petition debt.

40. Accordingly the effort of Labor and Industries to prevent renewal of license is to collect on a claim against the debtor that arose before the commencement of the Chapter 13 case.

41. The Debtor requests that the Court enter an Order and Judgment enforcing the automatic stay and directing defendants to cease all efforts to collect on the fines that are in violation with automatic stay and for any other relief that is requested in paragraph **36 a**s if fully restated here **and in the prayer for relief below**

## COUNT III – INJUNCTIVE RELIEF

42. The allegations contained in paragraphs 1 through 29 are incorporated herein as if fully restated in their entirety.

43. The Court's equitable powers, codified in Section 105 of the Bankruptcy Code, permit it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105.

44. The Debtor's repayment plan efforts are being and will be severely hampered if the Defendants are not ordered (b) from taking any other action that may materially diminish the value of the Debtor's interest in its assets, including, but not limited to, taking any of the actions to prevent renewal of Chad Fergusons electrical contractor license .

45. No bond or other security s appropriate or necessary in this situation, ad debtor seeks to preserve the status quo.

## COUNT IV - VIOLATION OF CIVIL RIGHTS 42 U.S.C. 1983 FOURTEENTH
## AMENDMENT - AGAINST EACH DEFENDANT STATE EMPLOYEES AND
## ACTORS , JEFFREY, VANCE, MOLESWORTH, MEJIA

46. Plaintiffs re-allege and incorporate the allegations set forth in the paragraphs 1-29 as though fully set forth hereat.

47. Defendants at all times relevant to this action were acting under color of state law and acted with malice, recklessness and total deliberate disregard for the personal rights of Plaintiff.

48. Defendants denied Chadwick Ferguson renewal of his license and property without due process of law in violation of the fourteenth amendment to the Constitution of the United States

49. Defendants at all times failed to follow procedural processes in place for license renewal denials and required procedural processes to appeal violations of the Electrical laws of Washington state.

50. By denying the plaintiff renewal of his license without following procedural processes within applicable laws and rules governing Washington State Administrative Procedure act the State actors under the color of state law have deprived Chadwick Ferguson of his due process rights.

51. Defendants violated his due process rights by coercing Chadwick Ferguson to sign a conditional license agreement and depriving Chad Ferguson of his opportunity to be heard in appeal to renew his actual full license.

52. As a proximate result of Defendant's actions, Plaintiff has been deprived of his full license and has incurred damages to include interference with his business activities and income as well as anxiety, mental distress and ask for relief as set forth below in the Prayer for Relief

## COUNT V - VIOLATION OF CIVIL RIGHTS 42 U.S.C. 1983 EQUAL PROTECTION CLAUSE FOURTEENTH AMENDMENT – Claim against JEFFREY, VANCE, MOLESWORTH, MEJIA

53. Plaintiffs re-allege and incorporate the allegations set forth in the paragraphs 1-29 as though fully set forth hereat.

54. Defendants at all times relevant to this action were acting under color of state law and acted with malice, recklessness and total deliberate disregard for the personal rights of Plaintiff.

55. Defendants denied Chadwick Ferguson renewal of his license and property without due process of law in violation of the fourteenth amendment to the Constitution of the United States

56. Defendants at all times failed to follow procedural processes in place for license renewal denials and required procedural processes to appeal violations of the Electrical laws of Washington State.

57. By denying the plaintiff renewal of his license without following procedural processes within applicable laws and rules governing Washington State Administrative Procedure act the State actors under the color of state law have deprived Chadwick Ferguson of his due process rights.

58. Defendants violated his due process rights by coercing Chadwick Ferguson to sign a conditional license agreement and depriving Chad Ferguson of his opportunity to be heard in appeal to renew his actual full license.

59. These deliberate actions of the defendant violated Chadwick Ferguson equal treatment under the law and Chadwick Ferguson was singled out when the State through their actors under color of state law singled out for differential treatment causing physical and mental anguish.

60. As a proximate result of Defendant's actions, Plaintiff has been deprived of his full license and has incurred damages to include interference with his business activities and income as well as anxiety, mental distress and ask for relief as set for below in the PRAYER FOR RELIEF

## COUNT VI - VIOLATION OF CIVIL RIGHTS 42 U.S.C. 1983 § US CODE 525(a) DISCRIMINATION - CLAIM AGAINST DEFENDANTS JEFFREY, VANCE, MOLESWORTH, MEJIA

61. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-29 as though fully set forth hereat.

62. Defendants at all times relevant to this action were acting under color of state law and acted with malice, recklessness and total deliberate disregard for the personal rights of Plaintiff and openly discriminated against Chadwick and April Ferguson for previous filings of bankruptcy and because they were in a bankruptcy to take actions to deprive them of their due process rights and equal treatment under the law concerning the renewal of Chadwick Fergusons electrical contracting license.

63. Defendants denied Chadwick Ferguson renewal of his license and property without due process of law in violation of the fourteenth amendment to the Constitution of the United States and did so due to the fact he had filed previous bankruptcies and was currently in a bankruptcy.

64. Defendants at all times knowingly and under color of State law discriminated against Chadwick Ferguson for his past bankruptcies.

65. These deliberate actions of the defendant violated Chadwick Ferguson equal treatment under the law and Chadwick Ferguson was singled out when the State through their actors under color of state law singled out for differential treatment causing mental anguish, anxiety and economical damages.

66. As a proximate result of Defendant's actions, Plaintiff has been deprived of his full license and has incurred damages to include interference with his business activities and income as well as anxiety, mental distress and outrage for the blatant and naked discrimination against him and asks for Relief as stated in the Prayer for relief below

## COUNT VII - VIOLATION OF US CODE 525(a) DISCRIMINATION - CLAIM AGAINST WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES

67. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-29 as though fully set forth hereat.

68. Defendant at all times relevant to this action acted with malice, recklessness and total deliberate disregard for the personal rights of Plaintiff and openly discriminated against Chadwick and April Ferguson for previous filings of

bankruptcy and because they were 63. in a bankruptcy to take actions to deprive them of their due process rights and equal treatment under the law concerning the renewal of Chadwick Fergusons electrical contracting license and against his right to renewal and the protections of the automatic stay.

69. Defendant denied Chadwick Ferguson renewal of his license and property without due process of law in violation of the fourteenth amendment to the Constitution of the United States and did so due to the fact he had filed previous bankruptcies and was currently in a bankruptcy.

70. Defendant at all times knowingly and under color of State law discriminated against Chadwick Ferguson for his past bankruptcies.

71. These deliberate actions of the defendant violated Chadwick Ferguson equal treatment under the law and Chadwick Ferguson was singled out when the State singled out for differential treatment causing mental anguish, anxiety and economical damages.

72. As a proximate result of Defendant's actions, Plaintiff has been deprived of his full license and has incurred damages to include interference with his business activities and income as well as anxiety, mental distress and outrage for the blatant and naked discrimination against him and ask for relief as stated below in the PRAYER FOR RELIEF

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter an Order:

A.    Declaring that the automatic stay operates to prohibit the efforts of Labor and Industries to collect on pre-petition fines in an effort to induce the debtor to pay them the lion share of their monies, assets in violation of the automatic stay and (b) from taking any other action that may materially diminish the value of the Debtors interest in their license or compromise their ability to pay into a repayment plan that will soon be before the Bankruptcy Court.

B.    For a declaratory Judgment that Defendants' conduct as alleged here-in violate Plaintiffs' rights under the United States Constitution and the laws of the State of Washington and Federal Bankruptcy Laws

C.    For **Economical** compensatory damages **minimum** of 600.00 per day **for 62** days of lost work due to business interference, scheduling issues preventing full scheduling and lost job opportunities, mental anguish and anxiety contributed to by the defendants' actions.

D.    Compensatory damages for Emotional damages, emotional anguish to be determined at time of trial.

E.    For cost of suit, expenses and attorney fees if any as provided by law.

F.    And granting such further and other relief as the Court deems proper and as if fully restated that which is asked for in paragraph 36

G.    Any and all other relief including punitive damages this court may deem appropriate.

SIGNED AND DATED THIS 30TH DAY OF JUNE 2021

RESPECTFULLY SUBMITTED,

_____

Chadwick Ferguson.

_____

April Ferguson.